Dear Major Brown:
Your letter of October 2, 2001, requesting the opinion of this office regarding the jurisdiction of the City Constable's office has been assigned to me for disposition. The question, as we understand it, is whether and to what extent the Baton Rouge City Constable is considered a "peace officer" and whether the office has the authority to apply for grants dealing with law enforcement.
This office has previously determined that Louisiana law recognizes a city constable as a peace officer. In La. Op. Atty. Gen. No. 97-109, this office was of the opinion that a constable has the authority to issue citations for the careless operation of a vehicle provided that the offense was committed in the constable's presence. Furthermore, in La. Op. Atty. Gen. No. 81-984, this office determined that a constable could issue citations for littering when the offense is committed in the presence of the constable.
These opinions are in line with the legislation dealing with the definition of "peace officer" as used in Louisiana law. For example, comment (a) of Article 204 of the Code of Criminal Procedure, describes the term "peace officer" as including constables and their deputies. Additionally, LSA-R.S. 40:2402 defines the term peace officer as:
 . . .[A]ny full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
These two provisions conform to the legislatively mandated duty of the Baton Rouge City Constable. The office of City Constable for the City of Baton Rouge was established in Act 169 of 1898. Section 17 of the Act prescribed the duties of the City Constable stating, in pertinent, part, that "all the powers and functions conferred by the Constitution and laws upon constables shall be exercised and vested in a city constable, who shall moreover be vested with the powers of a city policeman."
The "powers and functions conferred by law" are described in LSA-R.S.13:1881. That statute provides that the constable is the executive officer of court. As the executive officer of the court, the constable is charged with the duty of executing writs and warrants issued by the city court. The statute also grants to the constable the power to make arrests and preserve the peace, thus expressing that the city constable does have "law enforcement" powers in the execution of the duties of his office. Therefore, even though the office of constable is primarily a judicial office, during the execution of court orders, the constable has the same powers and authority as that of a sheriff.
As the executive officer of the court, the constable must serve and execute all process directed to them by the city court judge. When executing arrest warrants issued by the court, the constable has both arrest as well as search and seizure power. Since this duty clearly falls within the type of conduct described in LSA-R.S. 40:2402, it is apparent that the Baton Rouge City Constable is a "peace officer" during the execution of his official duties.
The constable's peace officer powers, duties, and responsibilities are, however, limited to the jurisdiction of the city court for which he serves. Act 944 of the 2001 Regular Session extends the criminal jurisdiction of city courts to both state offenses and offenses under a municipal or parochial ordinance committed within the territorial jurisdiction of the court and are not punishable by imprisonment at hard labor.
Under the authority cited above, it is the opinion of this office that the Baton Rouge City Constable is a peace officer and accordingly may apply for grants dealing with law enforcement. We hope that this opinion sufficiently answers your question. If you should have any further questions, please feel free to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ CHARLES H. BRAUD JR. ASSISTANT ATTORNEY GENERAL